S97Y0229. IN THE MATTER OF E. MARIE WILSON-LINDSAY.

(492 SE2d 671)

PER CURIAM.

In this disciplinary matter, the State Bar seeks an order disbarring E. Marie Wilson-Lindsay for her violations of Standards 67 (disbarment by another state) and 68 (failure to respond to the disciplinary authorities) of State Bar Rule 4-102. We agree with the State Bar that disbarment is the appropriate sanction in this case.

On August 17, 1995, the D.C. Court of Appeals disbarred Wilson-Lindsay by consent. On March 12, 1997, Wilson-Lindsay was personally served with the Notice of Discipline. Wilson-Lindsay failed to file a Notice of Rejection and, accordingly, is in default. Standard 67 specifically provides that disbarment by another state is ground for disbarment in the State of Georgia.

We agree with the Investigative Panel that disbarment is the appropriate sanction in this case, as "public confidence in the profession is enhanced when lawyers who are admitted in more than one jurisdiction are prevented from avoiding the effect of discipline in one jurisdiction by practicing in another." See Commentary to Paragraph 2.9, ABA Standards for Imposing Lawyer Sanctions (1991). Moreover, Wilson-Lindsay's conduct in failing to respond to the disciplinary authorities demonstrates a bad faith obstruction of the disciplinary proceeding.

---

incurred as a result of Mitcham's refusal to recognize that the Ingram injunction was also appropriate to Blalock.

For the above reasons, E. Marie Wilson-Lindsay is disbarred from the practice of law in Georgia. She is reminded of her duties under Bar Rule 4-219 (c) (1) and (2).

*Disbarred. All the Justices concur.*

DECIDED NOVEMBER 17, 1997.

*William P. Smith III, General Counsel State Bar, Marie L. McCarthy, Assistant General Counsel State Bar,* for State Bar of Georgia.