S01Y0808. IN THE MATTER OF ERIC KARLTON POWELL.
(548 SE2d 615)

PER CURIAM.

This disciplinary proceeding is before the Court on the recommendation of the Review Panel of the State Disciplinary Board that Respondent Eric Karlton Powell receive a Letter of Formal Admonition for his admitted violation of Standard 67 (disbarment or suspension by another state is grounds for disbarment or suspension in the State of Georgia) of Bar Rule 4-102 (d). The State filed a Formal Complaint against Powell which he timely answered. The special master held a hearing on the matter at which it was determined that: prior to 1997, Powell, who had been a member of the Bar of Georgia since 1992 and a member of the Bar of West Virginia since 1993, had never been in any trouble with the law or with the disciplinary boards of either state in which he was licensed to practice law; in late 1997, Powell, then a criminal defense lawyer in West Virginia and a Mental Hygiene Commissioner for the Fourth Circuit of West Vir-

ginia,[1] was charged in that state on a sixteen-count indictment consisting of five felony counts arising out of the videotaping of a single sexual encounter with a prostitute who turned out to be sixteen years old, ten misdemeanor counts of prostitution based on Powell's allegedly having paid a third person so that women would have sexual relations with him, and one count of conspiracy to commit prostitution; in June 1998, Powell pled guilty to eight misdemeanor counts of prostitution in West Virginia; as part of the plea agreement, he was required to voluntarily surrender his license to practice law, even though, absent the agreement, his plea likely would not have resulted in involuntary disbarment; and on January 13, 1999 Powell's license to practice law in West Virginia was annulled. Subsequently, Powell advised the State Bar of Georgia of his situation and provided the underlying documentation. The State Bar initiated the instant disciplinary proceeding seeking to disbar Powell. Powell admits that the annulment of his license in West Virginia establishes a violation of Standard 67, but argues that disbarment is too harsh a sanction. The special master agreed and recommended a public reprimand instead. After the State Bar filed exceptions to the special master's recommendation, the case proceeded to the Review Panel of the State Disciplinary Board which ultimately recommended, on a vote of eight to three, that Powell receive a "letter of reprimand."[2]

We do not agree that a public reprimand or letter of admonition is sufficient in this case, and agree with the State Bar that disbarment is the appropriate sanction in this case. We note that "public confidence in the profession is enhanced when lawyers who are admitted in more than one jurisdiction are prevented from avoiding the effect of discipline in one jurisdiction by practicing in another." *In the Matter of E. Marie Wilson-Lindsay*, 268 Ga. 648 (492 SE2d 671) (1997). See Commentary to Paragraph 2.9, ABA Standards for Imposing Lawyer Sanctions (1991).

Eric Karlton Powell is hereby disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED JUNE 11, 2001 —
RECONSIDERATION DENIED JULY 16, 2001.

*William P. Smith III, General Counsel State Bar, E. Duane*

---

[1] As Mental Hygiene Commissioner, Powell presided over involuntary commitment hearings.

[2] Presumably, the Review Panel meant a Formal Admonition to be administered by letter. See Bar Rule 4-102 (b) (6).

*Cooper, Assistant General Counsel State Bar*, for State Bar of Georgia.